**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**MEDFORD DIVISION**

MARY ELIZABETH HART-JOHNSON,

Plaintiff,

vs.

KLAMATH COUNTY; SERGEANT SHANE MITCHELL, in his individual capacity,

Defendants.

Civ. No. 1:26-cv-02075-AA

**OPINION & ORDER**

---

AIKEN, District Judge.

Self-represented Plaintiff Mary Elizabeth Hart-Johnson seeks leave to proceed *in forma pauperis* ("IFP") in this action. For the reasons explained below, Plaintiff's IFP Petition, ECF No. 2, is GRANTED. Plaintiff's Complaint, ECF No. 1, is DISMISSED with leave to amend and without service on Defendants. Plaintiff shall have thirty days from the date of this order to file an amended complaint.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to

pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

As to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court need not accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of

any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

**DISCUSSION**

First, to assess an IFP petition, a court must determine whether the plaintiff has made a sufficient showing of indigency. Here, self-represented Plaintiff has made that showing. The IFP petition is granted.

Second, a court must determine whether the plaintiff has provided "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Here, Plaintiff brings a § 1983 suit for alleged violations of Plaintiff's Fourth and Fourteenth Amendment rights. On the filing form, Plaintiff handwrote, as deciphered by the Court:

> Sergeant Shane Mitchell [undeciphered] subjected me to a 5+ hr coercive encounter @ my gate on April 28, 2026 and showed deliberate indifference to ongoing threats against my family & animals. Klamath County, through its sheriff's office, fire marshal, and code enforcement, ignored my repeated reports of trespassing, dead animals, and threats while taking enforcement action against my [property?] including the fire Marshall threatening arrest Sept 7, 2026 over a fire later determined non-existent.

Plaintiff also wrote: "Full facts are in my attached complaint." The "attached complaint" does not appear to have been filed.

To state a claim in federal court, a complaint must include a plain statement of what happened, where, when, how, and why and "contain sufficient factual

matter," to enable a court to determine that a defendant may have engaged in wrongdoing. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is not sufficient to state a legal conclusion such as defendant subjected me to a coercive encounter or showed deliberate indifference to the threats against me. *Id.* To determine whether a plaintiff states a claim entitled to relief, the plaintiff must provide facts about what happened. *Id.*

Here, to help the Court determine whether Plaintiff states a claim, Plaintiff needs to provide facts about what happened or what was said during the alleged coercive encounters, what kinds of threats were being made, and how and why Defendant(s) showed deliberate indifference to those threats. Plaintiff is also advised to explain the nature of the complaints that were made to county officials in the "repeated reports" and when those reports were made and why. Plaintiff is also advised to tell the Court what threats the Fire Marshall allegedly made and when and why the threats were made. Finally, the Court recommends that, if possible, Plaintiff type the claim or try to hand write more legibly so the Court can fully understand what Plaintiff states.

Accordingly, Plaintiff's Complaint is dismissed with leave to amend so she can fix it in the ways suggested above. The Court provides Plaintiff thirty days to fix the Complaint.

## CONCLUSION

For the above reason, Plaintiff's IFP petition, ECF No. 2, is GRANTED, and Plaintiff's Complaint, ECF No. 1, is DISMISSED with leave to amend and without service on Defendants. Plaintiff shall have thirty days from the date of this Order to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in entry of a judgment of dismissal without further notice.

It is so ORDERED and DATED this 23rd day of October 2026.

/s/Ann Aiken
ANN AIKEN
United States District Judge